**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT VOSS, )<br>)<br>Petitioner, )<br>v.                                              )<br>)<br>TOM HANLON, Superintendent, )<br>)<br>Respondent. ) | No. 1:07-cv-0024-SEB-JMS |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Robert Voss ("Voss") for a writ of habeas corpus, on the respondent's return to order to show cause, and on the expanded record.[1]

Whereupon the court, having read and considered such pleadings and record, and being duly advised, now finds that Voss' petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

   1.   Voss is a state prisoner who was disciplined in a proceeding identified as No. MCF 06-11-0014. In that case, he was found guilty at a hearing of violating prison rules through his "use or possession of more than one (1) cigarette, any tobacco, tobacco associated products or unauthorized tobacco substitute products." The basis of the charge and of the conduct board's finding was that during the afternoon of November 2, 2006, Voss was in possession of a quantity of tobacco (contraband) while part of a crew outside the Miami Correctional Facility working with the Department of Natural Resources. Contending that the proceeding was constitutionally infirm, Voss now seeks a writ of habeas corpus.

   2.   A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

---

[1] Voss has not replied to the respondent's motion to dismiss. he effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

  3. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Voss was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

  4. Using the protections recognized in *Wolff* and *Hill* as an analytical template, Voss received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Voss was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

  5. Voss' claims in this action are that his due process rights were violated because: 1) he was denied "due process" and was subjected to disciplinary segregation; 2) Lieutenant Truax and Investigator Ramberger provided conflicting statements; 3) he was denied physical evidence; 4) he received a "letter or note" from Investigator Ramberger on the morning of his transfer; and 5) Investigator Ramberger said "he would get the situation right" because Voss was not guilty. His arguments in support of these claims, however, are either refuted by the expanded record or based on assertions which do not entitle him to relief.

  6. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Voss to the relief he seeks. Accordingly, his petition must be **denied**. Judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED.**

Date: 06/19/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana